# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JIMMY DEWAYNE SHELBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00759-CDP |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented Plaintiff Jimmy DeWayne Shelby, an inmate at Northeast Correctional Center (NECC), for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee $41.43. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon an initial review, the Court will invoke the *Rooker-Feldman* doctrine and dismiss the amended complaint for lack of jurisdiction.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. §1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has filed his certified account statement from NECC for the six-month period preceding the filing of his lawsuit. Based on the account statement, Plaintiff's average monthly deposit is $207.17. The Court will assess an initial partial filing fee of $41.43, which is 20 percent of Plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**Background**

Plaintiff's case involves the calculation of jail time credits by the City of St. Louis. Plaintiff has filed this case in the Missouri state courts and been denied relief at the trial, appellate, and supreme court levels. *See Shelby v. Mo. Dep't of Corr.*, No. 17AC0CC00502 (Cole Cty. 2017); *Shelby v. Mo. Dep't of Corr.*, No. WD81472 (Mo. Ct. App. 2018); *In re: Jimmy Shelby*, No. SC97742 (Mo. 2019) (writ of mandamus).

After this review, he then filed a petition for writ of mandamus in St. Francois County, Missouri. *Shelby v. Mo. Dep't of Corr.*, No. 19SF-CC00143 (St. Francois Cty. 2019). His claims in the writ were "practically identical" to those he filed in Cole County in 2017. *Id.* at Jdmt. In denying the writ, the St. Francois County Court stated, "If Petitioner was unable to establish his right to the disputed jail time credit to the satisfaction of the Cole County Circuit Court, he most certainly cannot show to this Court an 'unequivocal showing' that Respondent failed to perform a 'ministerial duty imposed by law' by failing or refusing to credit him with the disputed jail time credit." *Id.*

**The Amended Complaint[1]**

Having failed in the state courts to receive his jail time credit, now Plaintiff brings this 42 U.S.C. § 1983 action against eighteen defendants, including the Missouri Department of Corrections (MDOC), the State of Missouri, several employees and the warden of ERDCC, the judges involved in his underlying state cases, the attorney general, and several assistant attorney

---

[1] On July 18, 2024, Plaintiff filed an amended complaint.

generals. He alleges the MDOC is denying him his right to jail time credits. He seeks declaratory and injunctive relief granting him this jail time credit.

Plaintiff is serving time on two sentences: one from St. Louis County Circuit Court and one from St. Louis City Circuit Court. He states that both sentences should be calculated from January 2, 2004, which is the date of his arrest on the St. Louis County charges. On this date, Plaintiff was arrested on charges of first degree robbery and armed criminal action. On October 7, 2004, Plaintiff pled guilty to five counts of first-degree robbery and five counts of armed criminal action. He received an eighteen year sentence with credit for the time he had already spent in jail. On October 13, 2004, Plaintiff was in the custody of the MDOC.

While Plaintiff was incarcerated in MDOC serving time on his St. Louis County sentences, St. Louis City brought charges against him. On November 4, 2005, Plaintiff pled guilty in St. Louis City Circuit Court to nine counts of first-degree robbery, one count of attempted first-degree robbery, and ten counts of armed criminal action. The St. Louis City Court sentenced Plaintiff to twenty-five years, again with credit for time served. On this sentence, MDOC did not give Plaintiff jail time credit from the date of his arrest in the County, January 2, 2004, to the date he was transferred to MDOC, October 13, 2004. He was not given credit for the time he served within the St. Louis County Justice Center and MDOC prior to the disposition of his St. Louis City Circuit Court Charges. He seeks to have these days of jail credit awarded to him.

## Discussion

"The *Rooker-Feldman*[2] doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Kvalvog v. Park Christian School, Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023) (quoting

---

[2] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

*Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005)). As the Supreme Court has explained, the doctrine bars federal courts from hearing cases brought by the losing party in state court proceedings that allege "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Parker Law Firm v. Travelers Indemnity Co.*, 985 F.3d 579, 583 (8th Cir. 2021) (explaining that "inferior federal courts generally lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings").

Because "jurisdiction to review most state court judgments is vested exclusively in the Supreme Court," federal "district courts may not review state court decisions, even if those challenges allege that the state court's action was unconstitutional." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). That is, "[f]ederal courts are not courts of review even for federal claims asserted in a state court proceeding." *Williams v. McKenzie*, 834 F.2d 152, 153 (8th Cir. 1987) (stating that federal court lacked jurisdiction to pass on merits of claim dismissed by state court, even though it was brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1985). As a result, "a litigant cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a [42 U.S.C.] § 1983 action." *See Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997).

For the *Rooker-Feldman* doctrine to apply, the state and federal claims need not be identical. *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996). Rather, a district court is prevented from exercising jurisdiction over a constitutional challenge if it is "inextricably intertwined with claims asserted in a state court proceeding." *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990). "[T]he federal claim is inextricably intertwined with the state-court judgment if the federal

claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id*. at 296-97. When federal relief can only be predicated on the conviction that the state court was wrong, the claim is "a prohibited appeal of the state-court judgment." *Id*. at 297. By way of example, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court." *Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008).

Here, Plaintiff seeks declaratory and injunctive relief under § 1983 for alleged violations of his rights to receive jail time credits. This is the very issue the state courts faced, and for which they denied relief. Plaintiff's constitutional claims are inextricably intertwined with the rulings of the state courts. Federal relief in this case would "be predicated on the conviction that the state court was wrong." *Keene Corp.*, 908 F.2d at 297. Therefore, the *Rooker-Feldman* doctrine bars the Court from considering Plaintiff's claims. The Court lacks subject matter jurisdiction under *Rooker-Feldman* and will dismiss Plaintiff's amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Plaintiff must pay an initial filing fee of $41.43 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint will be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of November, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE